**FILED**
**U.S. District Court**
**District of Kansas**
11/19/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LASHELL LEE MITCHELL,**

**Plaintiff,**

**v.** **CASE NO. 26-3411-JWL**

**VITAL CORE HEALTH STRATEGIES, LLC, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Shawnee County Jail ("SCJ") in Topeka, Kansas.

Plaintiff complains of the medical care she has received at the SCJ for injuries she suffered from a motor vehicle crash which occurred just prior to her arrest. Plaintiff filed this case on October 26, 2026.

Plaintiff raised the same issues in *Mitchell v. Shawnee County Sheriff's Department*, Case No. 26-3352-JWL (D. Kan., filed Sept. 23, 2026). On November 17, 2026, the Court entered a Memorandum and Order to Show Cause ("MOSC") in Case No. 26-3352 finding that the case was subject to dismissal. *Id*. at Doc. 24. The MOSC gives Plaintiff the opportunity to show cause why the case should not be dismissed or to file an amended complaint addressing the deficiencies.

The day after the Court entered the MOSC, Plaintiff filed a motion to voluntarily dismiss Case No. 26-3352, recognizing that the two lawsuits are essentially the same. However, because the Court has already screened the complaint in Case No. 26-3352, because the claims raised in this case (Case No. 26-3411) are essentially the same, and because Plaintiff has the opportunity to file an amended complaint in Case No. 26-3352 where she can add any allegations or claims she

raised here but did not originally include in Case No. 26-3352, the Court dismisses this matter as duplicative and as frivolous.

The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013); *see also Erwin v. Zmuda*, 2024 WL 2768460, at *2 (10th Cir. 2024) (unpublished) (affirming dismissal as frivolous where case was duplicative of two previous complaints and stating that "repetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious") (citing *Childs*, 713 F.3d at 1265).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as duplicative and as frivolous.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions in this matter are **denied** as moot.

**IT IS SO ORDERED**.

**Dated November 19, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**